UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LOVINGOOD,

    Plaintiff,

    v.                              CAUSE NO. 3:25-CV-44-CCB-SJF

ST. JOSEPH COUNTY JAIL,

    Defendant.

## OPINION AND ORDER

Robert Lovingood, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Lovingood is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Lovingood is an inmate at the St. Joseph County Jail. He claims that on January 8, 2025, he discovered a knife stuffed in his mattress, apparently by the previous occupant of his cell. He is concerned that he could have been seriously injured if he had rolled on

the knife while sleeping, and he states that this incident caused him emotional distress. He sues the jail for compensatory damages.

Because Lovingood was a pretrial detainee when this incident occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment's Due Process Clause "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). This includes the right to be protected from harm. To state a plausible claim, a plaintiff must allege:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element "requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (citation and internal quotation marks omitted). Allegations of negligence or even "gross negligence" do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353-54.

Lovingood has not stated a claim under these standards. First, the only defendant he names is the jail itself. The jail is a physical structure, not a "person" or

policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

He mentions two officers whom he told about the knife after discovering it.[1] He does not name them as defendants, but even if he did, there are no allegations from which the court could plausibly infer that they made an intentional decision to put him in a cell with a dangerous condition, or that they were even aware the knife was there. Instead, it appears from his allegations that the knife was hidden and that he only found it through happenstance. He may be claiming that jail officers should have done a better job of inspecting the mattress, but at most this suggests negligence, which is not enough to state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353-54.

Additionally, while it is unfortunate this incident occurred, there is no indication from the complaint Lovingood was physically harmed. He seeks damages for emotional distress, but under the Prison Litigation Reform Act an inmate cannot recover solely for an emotional injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

---

[1] It appears he turned the knife over to one of these officers after discovering it.

Therefore, Lovingood may file an amended complaint, if he believes he can state a plausible constitutional claim based on this incident consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) **GRANTS** the plaintiff until **April 3, 2025**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on March 3, 2025.

                                                     */s/Cristal C. Brisco*  
                                                     CRISTAL C. BRISCO, JUDGE  
                                                     UNITED STATES DISTRICT COURT